IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DANIEL J. MCNETT,**

        **Plaintiff,**

**v.**                                        Case No. 20-cv-00426-SPM

**ROB JEFFREY,** *et al.,*

        **Defendants.**

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court for case management purposes. Defendants Trey Johnson and Lt. Gephart have failed to answer or otherwise plead in response to the Complaint, and a Motion to Join Co-Defendants' Motion for Summary Judgment filed by Defendant Ann Lahr (Doc. 34), and a Motion for Recruitment of Counsel filed by Plaintiff McNett (Doc. 27) are currently pending.

### ENTRY OF DEFAULT

Defendants Trey Johnson and Lt. Gephart were issued summons on Plaintiff's Complaint on February 2, 2021 (Doc. 30). Johnson was served on March 8, 2021, and his Answer was due March 29, 2021 (Doc. 41). Gephart was served on March 10, 2021, and his Answer was due March 31, 2021 (Doc. 42). As of this date, Defendants Johnson and Gephart have failed to move, answer, or otherwise plead in response to the Complaint.

The Federal Rules of Civil Procedure provide that the Clerk of Court must enter default against a defendant who has failed to plead or otherwise defend. FED. R. CIV. P. 55(a). Accordingly, the Court **ORDERS** as follows:

(1)    The Clerk of Court is **DIRECTED** to **ENTER DEFAULT** against Defendant Johnson and Gephart in accordance with Federal Rule of Civil Procedure 55(a).

(2)   Plaintiff is **ORDERED** to move for default judgment against Defendants Johnson and Gephart on or before **April 26, 2021**, in accordance with Federal Rule of Civil Procedure 55(b).

(3)   If Plaintiff fails to move for default judgment as set forth in this Order, this entire action will be dismissed as to Defendants Johnson and Gephart for failure to prosecute and/or failure to comply with an order of the Court.

(4)   The Clerk of Court is **DIRECTED** to transmit a copy of this Order and the entry of default to Plaintiff and to Defendants Johnson and Gephart.

### MOTION TO JOIN

The Motion to Join Co-Defendants Motion for Summary Judgment filed by Defendant Lahr is **GRANTED**. (Doc. 34). The Court notes, however, that the Motion for Summary Judgment is now filed on behalf of all but five Defendants — Foster, Hendry, Bauer, Drannan, and Rowcliffe.[1] If these five defendants wish to also join in the Motion for Summary Judgment that is currently pending, they must file a motion to join by **April 26, 2021.**

### RECRUITMENT OF COUNSEL

Plaintiff McNett has filed a motion asking the Court to recruit counsel on his behalf. (Doc. 27). He claims he has contacted ten different law firms, but they have all declined to represent him for various reasons, such as not taking prisoner cases, too many defendants, short-staffed, and the COVID-19 pandemic. Plaintiff asserts that he requires court recruited counsel because he cannot afford an attorney, and the case is too complex for his basic understanding of the Court system.

There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013). Specifically, this statute authorizes the Court to "request an attorney to represent any person unable to afford one." 28 U.S.C. § 1915(e)(1).

---

[1] This count does not include Defendants Johnson and Gephart, who have not filed Answers to the Complaint as discussed.

Determining whether to appoint counsel is a two-prong inquiry. *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007). The threshold question is whether the indigent plaintiff has made a reasonable attempt to obtain counsel or been effectively precluded from doing so. *Santiago v. Walls*, 599 F.3d 749, 761 (7th Cir. 2010). Only if the threshold has been met will the Court consider the second prong – whether the plaintiff appears competent to litigate the case given its difficulty. *Pruitt*, 503 F.3d at 655.

The Court cannot determine, at this time, whether Plaintiff is "unable to afford" an attorney to represent him under Section 1915(e)(1). He has not submitted any documentation along with his Motion to demonstrate to the Court that he is indigent. As he has paid the filing fee in full and is not proceeding *in forma pauperis* in this case, the Court has no basis for concluding that he is unable to afford counsel. Therefore, the Motion (Doc. 27) is **DENIED without prejudice.**

**IT IS SO ORDERED.**

**DATED:   April 5, 2021**

  *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**