# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANIEL J. MCNETT,<br><br>        **Plaintiff,**<br><br>v.<br><br>ROB JEFFREY, *et. al,*<br><br>        **Defendants.** | Case No. 20-CV-00426-SPM |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Plaintiff Daniel McNett, proceeding *pro se,* commenced this action on May 7, 2020, by filing the Complaint alleging violations of his constitutional rights while incarcerated at Vandalia Correctional Center ("Vandalia"). Pending before the Court is a Motion for Summary Judgment (Doc. 23) filed by Defendants Rob Jeffrey, Angela Locke, John Baldwin, Ann Lahr, Craig Foster, Stephannie Waggoneer, Trey Johnson, Jon Fatheree, Robert Hendry, Robert Osborne, Sgt. Dobbyns, Sgt. Richie, Robert Wilson/Smith, Sgt. Rosenberg, Sgt. Rose, Logan G. Cage, C/O Zurrusen, C/O Orr, E. Bauer, C/O Krull, C/O Mason, Amy Beck, J. Drannan, and Counselor Rowcliffe.

### RELEVANT FACTS AND ALLEGATIONS

McNett was incarcerated at Vandalia from August 5, 2015, until March 7, 2018 (Doc. 24, p. 2; Doc. 31, p. 1). McNett alleges that while at Vandalia, he was assaulted by another inmate, resulting in cracked ribs (Doc. 1, p. 3). He claims that an unknown officer refused his many requests for help. McNett then reported the officer's refusal to help directly to the Warden. The officer became angry and retaliated against him.

Due to the officer's retaliation, McNett claims he was assaulted an additional three times and received multiple threats. After McNett attempted to alert authorities outside of Vandalia, he asserts unnamed staff at Vandalia began to destroy his legal mail and restrict his access to the law library (*Id.*). McNett was transferred from Vandalia to East Moline Correctional Center on March 7, 2018, and was then paroled on April 5, 2018 (Doc. 24, p. 2; Doc. 31, p. 1).

McNett puts forth three arguments for why his claims are not barred by the statute of limitations. First, he claims that the deadline to submit his Complaint was May 6, 2020 (Doc. 31, p. 3). He argues his claims did not begin to accrue until after he was released from the custody of the Illinois Department of Corrections on April 6, 2018, and he then had an additional thirty-day extension due to the COVID-19 pandemic. Although the Clerk of Court filed the Complaint on May 7, 2020, it was delivered on May 5, 2020. Therefore, he filed the Complaint within the statutory deadline.

Second, he argues that his claims regarding denial of access to the courts were ongoing even after he left IDOC custody (Doc. 31, p. 3). Vandalia did not sign his IFP verification form in another case until April 9, 2018 and was not sent until April 11, 2018. He received it on April 14, 2018, mailed in on April 16, 2018, and the Appellate court received it on April 19, 2018. Therefore, his claims did not begin to accrue until April 19, 2018, and so he had two years from April 19, 2018 plus the 30-day extension due to COVID to file the complaint.

Third, McNett argues that even when he was on parole he was housed in a halfway house and so he was still in the custody of IDOC until June 4, 2018 under

the Prison Litigation Reform Act (Doc. 31, p. 4).

## LEGAL STANDARD

Summary judgment is "the put up or shut up moment in a lawsuit" where a party lays its proverbial cards on the table, showing what evidence it possesses to convince a trier of fact to agree with its version of events. *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted)). Summary judgment is only appropriate if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Spurling v. C & M Fine Pack, Inc.*, 739 F.3d 1055, 1060 (7th Cir. 2014) (*quoting* FED. R. CIV. P. 56(a)). That "burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has set forth the basis for summary judgment, the burden then shifts to the nonmoving party who must go beyond mere conclusory allegations and offer specific facts showing that there is a genuine issue of fact for trial. FED. R. CIV. P. 56(e); *see Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *see also Celotex*, 477 U.S. at 232-24.

In determining the existence of a genuine dispute of material fact, the Court construes all facts in the light most favorable to the nonmoving party and draws all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986); *Spath v. Hayes Wheels Intern.-Indiana, Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). While the Court must view the evidence and draw all reasonable

inferences in favor of the opposing party, "[i]nferences and opinions must be grounded on more than flights of fancy, speculations, hunches, intuitions, or rumors[.]" *Bennington v. Caterpillar Inc.*, 275 F.3d 654, 658 (7th Cir. 2001); *Rand v. CF Industries, Inc.*, 42 F.3d 1139, 1146 (7th Cir. 1994); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex,* 477 U.S. at 323.

## DISCUSSION

It is undisputed that McNett was transferred from Vandalia to East Moline Correctional Center on March 7, 2018 (Doc. 24, p. 2; Doc. 31, p. 1). For the purposes of discussion, the Court gives McNett the benefit of the doubt and accepts as true that he filed his Complaint on May 5, 2020.

Based on the undisputed facts of this case and McNett's filing date, his claim is time-barred. The statute of limitations for Section 1983 actions in Illinois is two years. *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015) (citing *Moore v. Burge,* 771 F.3d 444, 446 (7th Cir. 2014); *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). Plaintiff's claim arose from a series of incidents that ended when he was transferred from Vandalia on March 7, 2018. This includes his assertions regarding Vandalia staff tampering with his legal mail and restricting access to the law library from his complaint.

To the extent McNett is arguing that the retaliation continued even after his release, the latest date the alleged retaliation occurred was April 19, 2018. But even using that latest date, again, McNett filed his Complaint after the two years statute

of limitations. *See Pitts v. City of Kankakee, Ill.,* 267 F.3d 592, 595 (7th Cir. 2001) (accrual of a claim normally begins from the date of an injury and continuing violation doctrine is not applicable when there is merely a lingering effect from an earlier violation).

The Court is also unsure of what McNett means when he states that he had an additional thirty-day extension to file his Complaint due to the COVID-19 pandemic. The Court's own extensions regarding COVID-19 granted by administrative order were in relation to motions in existing cases. It also does not appear that the State of Illinois amended it statute of limitations period to create an extension due to COVID-19.

The bottom line is this: McNett should have filed this action no later than March 7, 2020, but he waited until May 5, 2020. As a result, McNett missed the deadline for bringing this claim.

## Conclusion

Accordingly, the Court **GRANTS** the Motion for Summary Judgment (Doc. 23) and Plaintiff Daniel J. McNett's claims against Defendants Rob Jeffrey, Angela Locke, John Baldwin, Ann Lahr, Craig Foster, Stephannie Waggoneer, Trey Johnson, Jon Fatheree, Robert Hendry, Robert Osborne, Sgt. Dobbyns, Sgt. Richie, Robert Wilson/Smith, Sgt. Rosenberg, Sgt. Rose, Logan G. Cage, C/O Zurrusen, C/O Orr, E. Bauer, C/O Krull, C/O Mason, Amy Beck, J. Drannan, and Counselor Rowcliffe are **DISMISSED with prejudice**.

With respect to Defendant John/Jane Does, Federal Rule of Civil Procedure 56(f) provides that "[a]fter giving notice and a reasonable time to respond, the court

may . . . grant summary judgment for a nonmovant." Defendant John/Jane Does are nonmovants in that they have not been identified by McNett, have not been served with process, have not entered an appearance, are not represented by an attorney, and are not listed as moving Defendants in the Motion for Summary Judgment. Defendants' arguments in the Motion, however, apply with equal force to Defendant John/Jane Does as they do with respect to the moving Defendants. Under FED. R. CIV. P. 56(f), the Court gives McNett **fourteen days** to file a response in opposition to dismissal of Defendant John/Jane Does.

**IT IS SO ORDERED.**

**DATED:** June 22, 2021

s/ *Stephen P. McGlynn*  
**STEPHEN P. McGLYNN**  
**U.S. District Judge**